```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

| | |
|---|---|
| **WYTIKI RAYSHUN MOFFETT,** | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00001-CG-B |
| | * |
| **CYNTHIA STEWART,** | * |
| *et al.,* | * |
| | * |
|     Defendants. | |

## REPORT AND RECOMMENDATION

This action is before the Court on review. On January 2, 2019, Plaintiff, Wytiki Rayshun Moffett, an Alabama prison inmate proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1). This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

In an order dated January 15, 2019, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (Doc. 3). On November 5, 2019, Defendants filed their Answer and Special Report. (Docs. 21, 22). On April 23, 2020, the Court entered an order converting Defendants' Answer and Special Report to a motion for summary judgment. (Doc. 24). In the order, the Court instructed Moffett to inform the Court in writing, by May 26, 2020, if he desired to continue the litigation of this action. (Id. at 4). Moffett was warned that failure to timely respond would be considered by the Court as an abandonment of the prosecution of

this case by him and that the Defendants' motion for summary judgment would be treated as unopposed. (Id.). Moffett did not respond in any manner to the Court's conversion order. Moreover, his copy of the Court's order was not returned to the Court, nor was there any indication that the Court's order was not delivered to him. Based on the foregoing, the Court concluded that it appeared that Moffett had lost interest in the action. Accordingly, in an order dated June 26, 2020, the Court ordered Moffett to show cause, by July 24, 2020, why the action should not be dismissed for failure to prosecute and failure to obey an Order of this Court. (Doc. 25). Moffett was advised that failure to comply with the Court's order within the prescribed time would be considered by the Court an abandonment of the prosecution of this action by Moffett and would result in a recommendation that this case be dismissed for failure to prosecute and failure to comply with the Court's directives, without further notice. (Id.).

To date, Moffett has not responded in any manner to the Court's orders. Moreover, the Court's orders that were mailed to Moffett at St. Clair Correctional facility have not been returned to the Court, nor is there any other indication that the orders were not delivered to him.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Properties, Inc. v. Florida Mowing

2

& Landscaping Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

Due to Moffett's failure to prosecute this action and failure to comply with the Court's orders to respond in writing by May 26, 2020 (thereafter extended to July 24, 2020), whether he desired to

continue the litigation of this action, after being informed that his failure to respond would be considered by the Court an abandonment of the prosecution of this case by him, and upon consideration of the alternatives that are available to this Court, it is RECOMMENDED that this action be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no other lesser sanction will suffice. Cf. Wedgeworth v. Corizon Health, Inc., 2013 U.S. Dist. LEXIS 129055, *5, 2013 WL 4791619, *2 (S.D. Ala. Sept. 6, 2013)(§ 1983 action dismissed where plaintiff failed to respond in writing whether he desired to continue the litigation of the action after being informed that his failure to respond would result in entry of a recommendation that the cause be dismissed.).

If Moffett disputes the Court's finding herein and desires to proceed with the litigation of this action, he shall set forth in an objection to the report and recommendation the reasons for his failure to respond to the Court's orders of April 23, 2020, and June 26, 2020.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **31st** day of **July, 2020.**

                                                 **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**